478 F.2d 1375
 Bradley B. DAVIS, Administrator of the Estate of Maria de
Kosenko, Deceased, Individually as well as on
behalf of others similarly situated,
Plaintiff-Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.
 No. 480, Docket 72-2045.
 United States Court of Appeals,
Second Circuit.
 Argued April 16, 1973.
Decided May 1, 1973.
 
 Bradley B. Davis, New York City, for plaintiff-appellant.
 Guy Miller Struve, New York City (Davis, Polk & Wardwell, Philip C. Potter, Jr., New York City, on the brief), for defendant-appellee.
 Daniel M. Cohen, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for Attorney General.
 Before CLARK, Associate Justice,* and FEINBERG and MANSFIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Davis, as administrator of an estate owning 50 shares of common stock in appellee American Telephone and Telegraph Company, urges that we extend the one man-one vote rule of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) and Kramer v. Union School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969), to shareholder voting in large, government-regulated corporations. We decline this invitation. Even assuming that appellee's public character is sufficient to subject it to Fourteenth Amendment requirements, certainly it does not exercise "normal governmental" authority, and its actions, to the extent they affect stockholders qua stockholders, affect each stockholder in proportion to the number of shares he owns. See Salyer Land Co. v. Tulare Lake Basin Water Storage District, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973). Therefore, the strict equal protection standard implicit in the phrase "one man, one vote" does not apply. Since the shareholder voting scheme utilized by appellee has a rational basis, see Salyer Land Co., supra, the judgment must be affirmed.
 
 
 
 *
 Retired Associate Justice of the United States Supreme Court, sitting by designation